UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON A. POTTS, | ) |
| Petitioner, | ) 2:12-cv-01862-JCM-CWH |
| vs. | ) **ORDER** |
| STATE OF NEVADA, *et al.*, | ) |
| Respondents. | ) |

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is represented by counsel, who filed a petition for writ of habeas corpus in this court on October 30, 2012. (ECF No. 1). Petitioner filed a supplement to the petition on November 5, 2012. (ECF No. 2).

Petitioner claims that he was subjected to a custodial interrogation in violation of his *Miranda*[1] rights during his arrest involving a traffic accident. (ECF No. 1, Petition, at p. 1). On July 8, 2011, an indictment was filed in the Eighth Judicial District of Nevada, in Clark County, charging

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

petitioner with driving while under the influence of intoxicating liquor causing death and/or substantial bodily harm, a felony pursuant to NRS 484C.310 and 484C.430 in Case No. C-11-274646-1. (ECF No. 1-1). Petitioner informs this court that he has entered a guilty plea in Case No. C-11-274646-1, and that he is currently awaiting sentencing, which is scheduled for January 16, 2013. (ECF No. 1, Petition, at pp. 1-2; ECF No. 2, Supplement, at pp. 1-2). Petitioner asserts that, at the sentencing in January 2013, he could be sentenced to 2-5 years in state prison. (*Id.*). Petitioner has sought relief from the Nevada Supreme Court by way of an original petition to dismiss the indictment, and such relief was denied. (ECF No. 1-2; ECF No. 2-2 & 2-4). Petitioner now seeks habeas relief from this court, prior to the entry of a judgment of conviction in state court, based on the aforementioned alleged *Miranda* violation.

This court has jurisdiction to entertain a federal habeas petition only if brought on behalf of "*a person in custody pursuant to the judgment of a State court* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Because custody is a statutory jurisdictional prerequisite, the federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing the petition. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *see also Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010). As with other jurisdictional prerequisites, this court must raise the issue of custody *sua sponte*. *See Tyars v. Finner*, 709 F.2d 1274, 1279 (9th Cir. 1983). "[T]o satisfy the custody requirement, petitioner must demonstrate that he is subject to a significant restraint upon his liberty not shared by the public generally." *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993) (per curium) (internal quotation marks omitted) (finding petitioner "in custody" for purposes of 28 U.S.C. § 2254 where he was convicted and sentenced to alcohol rehabilitation class that required his physical presence at a particular place for a 3 to 5 day period, thus significantly restraining his liberty).

In the instant case, petitioner is not in physical custody, nor has he demonstrated that he is subject to a significant restraint upon his liberty. Unlike the facts in *Dow*, 995 F.2d 922, petitioner in the instant case has not yet been convicted in state court. No judgment of conviction has been entered in petitioner's state criminal case. As such, petitioner is not a person in custody pursuant to the judgment of a state court, as required under 28 U.S.C. § 2254, the statute under which this petition was brought. The court must therefore dismiss this action, without prejudice.

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Pretrial petitioners require a certificate of appealability prior to appealing a denial of relief under 28 U.S.C. § 2241. *See Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This court has considered the issues raised by petitioner in the petition and supplement, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court therefore denies petitioner a certificate of appealability.

1     **IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus (ECF No. 1)
2 and supplement to the petition (ECF No. 2) are **DENIED WITHOUT PREJUDICE.**
3     **IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.
4     **IT IS FURTHER ORDERED** that the clerk of court **SHALL ENTER JUDGMENT**
5 **ACCORDINGLY.**
6     Dated November 27, 2012.

    */s/ James C. Mahan*
    UNITED STATES DISTRICT JUDGE